**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD W. MARVIN,** : | |
| : | |
| Petitioner, : | |
| : | CIVIL NO. 3:CV-05-1073 |
| v. : | |
| : | (JUDGE CAPUTO) |
| **WARDEN FREDERICK MENIFEE, et al.,** : | |
| : | |
| Respondents. : | |

**M E M O R A N D U M**

**I.   Introduction.**

Petitioner Donald Marvin, a former state inmate, currently housed at the Otisville Federal Correctional Institution ("FCI-Otisville"), Otisville, New York, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 26, 2005. Marvin challenges his 1995 Monroe County Court of Common Pleas convictions for theft by deception, receiving stolen property, removal of and falsification of identification numbers, dealing in vehicles with removed or falsified numbers and dealing in titles and plates for stolen vehicles. Marvin was sentenced to an aggregate term of two to six years imprisonment.

Respondents argue that the petition should be denied because Marvin has failed to exhaust state court remedies as to all his claims and that his petition is time barred. As the Court agrees that the petition is untimely, the petition will be dismissed.

II.     **Background and Procedural History.**

The following background has been extracted from the Pennsylvania Superior Court's denial of Marvin's appeal of the Monroe County Court of Common Pleas' denial of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). (Dkt. Entry 13-3, Commonwealth v. Marvin, No. 1934 EDA 2003 (Pa. Super. July 30, 2004).

> On July 11, 2995, [Marvin] was convicted after a jury trial of theft by deception, receiving stolen property, removal or falsification of identification numbers, and dealing in titles and plates for stolen vehicles. These convictions related to [Marvin's] involvement in the sale of a stolen motor vehicle on which the vehicle identification numbers ("VINs") had been altered. On August 22, 1995, the trial court sentenced [Marvin] to an aggregate term of 2 to 6 years' imprisonment. [The Superior Court of Pennsylvania] affirmed [Marvin's] judgment of sentence on November 12, 1996. Commonwealth v. Marvin, 688 A.2d 1228 (Pa. Super. 1996)(unpublished memorandum). On August 11, 1997, the Pennsylvania Supreme Court denied [Marvin's] petition for allowance of appeal. Commonwealth v. Marvin, 548 Pa. 667, 698 A.2d 592 (1997)(table). [Marvin] began serving his term of imprisonment on August 14, 1998.

> On January 5, 1999, [Marvin] filed his first *pro se* PCRA petition, which was amended on January 20, 2000, following the appointment of counsel. In the amended petition, counsel raised nine claims of ineffective assistance of counsel and sought correction of [Marvin's] sentence. ... On September 20, 2000, the PCRA court dismissed [Marvin's] petition as untimely filed. However, the court granted [Marvin] a credit of 40 days' time served. On September 29, 2000, [Marvin] filed a *pro se* application for reconsideration and a motion for a new trial based on "after discovered evidence," which the PCRA court denied by order dated October 4, 2000. [Marvin] timely appealed from both orders.
>
> On Appeal, [Marvin] sought review of claims he had raised for the first time in his [motion for reconsideration. The Superior Court of Pennsylvania] proceeded to confine its review to the September 20th order of the PCRA court. However, new counsel on appeal also alleged the ineffectiveness of PCRA counsel for failing to raise the alleged "after-discovered evidence" in the amended PCRA petition. ... [The Superior Court of Pennsylvania held that Marvin] admittedly knew of the alleged "after discovered evidence" at the April 11, 2000 evidentiary hearing on his PCRA petition [and did not excuse Marvin's delay in filing." Commonwealth v. Marvin, 797 A.2d 1024 (Pa. Super. 2002)(unpublished memorandum at 9-10). On January 23, 2002, [the Pennsylvania Superior Court] affirmed the PCRA court's September 20th order, dismissing [Marvin's] PCRA petition [as] untimely. Id. On September 24, 2002, the Pennsylvania Supreme Court denied [Marvin's] petition for *allocatur*. Commonwealth v. Marvin, 570 Pa. 684, 808 A.2d 570 (2002).
>
> Next, [Marvin] filed another *pro se* PCRA petition on November 25, 2002. Thereafter, he amended this *pro se* petition on November 27, 2002, and filed another *pro se* amended petition on December 23, 2002. On January

> 23, 2003, the PCRA court issued its notice of intent to
> dismiss without a hearing, noting [Marvin's] previous petition
> involved the same issues, which had been finally
> determined adversely to [Marvin]. By order dated February
> 21, 2003, and filed February 24, 2003, the PCRA court
> denied relief.

(Id.)

Marvin then filed an appeal with the Superior Court of Pennsylvania questioning whether the PCRA court erred when it: (1) dismissed his second petition as untimely; (2) held that the petition contained issues previously determined adversely to him; and (3) whether it improperly denied him an evidentiary hearing based on his assertion of newly discovered evidence. (Id.) On July 30, 2004, the Pennsylvania Superior Court affirmed the PCRA court's order dismissing Marvin's second PCRA petition. (Id.)

Marvin filed his present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 26, 2005. (Dkt. Entry 1, Petition.) Marvin raises the following issues in his Petition: (1) multiple claims that the prosecution failed to disclose to evidence favorable to him obtained after he submitted subpoenas and took depositions of various State Police officials in 2001 and 2003; (2) the ineffectiveness of his first PCRA counsel due to her failure to discover the information withheld by the prosecution; and (3) the denial of access to the courts as government officials interfered with his ability to file a timely PCRA petition. Marvin claims he was told by his prison counselor

-4-

that he could file a PRCA petition "at any time" and provided him with an outdated form. (Dkt. Entry 1, Petition for Writ of Habeas Corpus.)

### III.     Discussion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, amended the federal habeas corpus statute by imposing a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254. Specifically, a state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that, in relevant part, provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1).

Here, Marvin's direct appeal culminated with the Supreme Court's denial of his August 11, 1997, petition for allowance of appeal. Thus, his conviction became final ninety days later on November 10, 1997. Morris v. Horn, 187 F.3d 333, 337 and n.1 (3d Cir. 1999); 42 Pa. C.S. § 9545(b)(3); Pa. R. App. P. 903; Pa. R. Crim. P. 720(a)(3). Accordingly, Marvin had until November 10, 1998, to file his § 2254 petition.

The instant petition was filed on May 26, 2005, which is 7 years, 6 months and 11 days after the expiration of the limitations period. Therefore, Marvin's petition is time-barred and should be dismissed, unless he can demonstrate that the time period was statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158-160 (3d Cir. 1999).

Although Marvin does not agree with the state court's determinations that his PCRA petitions were untimely, the trial court denied relief on that basis, and the Pennsylvania Superior Court affirmed those decisions. Thus, Marvin is not entitled to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2),[1] as all of his PCRA petitions were deemed untimely. See Pace v. DiGugliemo, 544 U.S. 408, 417 (2005) (untimely PCRA petition is not "properly filed" application for collateral review of a state court conviction for purposes of statutory tolling of the limitations period). As such, "[t]here can be no dispute that absent a showing of equitable tolling, [Marvin's] petition is time-barred. Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006).

Although the United States Supreme Court has "not decided whether § 2244(d) allows for equitable tolling," see Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007), the United States Court of Appeals for the Third Circuit has held it is available to toll the limitations period "only when the principle of equity would make the rigid

---

[1] Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."

application of a limitation period unfair." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

"A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances stood in his way.'" Satterfield v. Johnson, 434 F.3d 185, 188 (3d Cir. 2006)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2005)).

The facts of this case do not present a basis for equitable tolling.[2] Marvin's petition was filed nearly seven and a half years after the applicable limitations period expired.  Petitioner has failed to submit any evidence or facts that warrant extending the deadline for him to file a habeas petition in this Court.  The "statute of limitations may be equitably tolled when a state prisoner faces extraordinary circumstances that prevent [him] from filing a timely habeas petition and the prisoner has nonetheless exercised reasonable diligence in attempting to vindicate [his] claims." McKeithan v. Varner, 108 Fed.Appx. 55, 57 (3d Cir. 2004) (citing Fahy v. Horn, 240 F.3d 239, 244-45 (3d Cir. 2001)).  The record is clear that Petitioner has failed to be reasonably diligent in the filing of his habeas.  Although he claims that "due to

---

[2]   Section 2244(d)(2) provides:

> (d)(2) The time during which a <u>properly filed</u> application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. [Emphasis added.]

government interference," his PCRA petition was untimely filed, this does not explain why this Court should excuse the untimely filing of his instant petition. Certainly Marvin did not exercise diligence in filing his habeas petition from the date he learned that either his first or second PCRA petitions were denied as untimely. Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). An appropriate order follows.

**IV.     Certificate of Appealability Denied.**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition under 28 U.S.C. § 2254. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When a court denies a petitioner's habeas claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). However, when a district court denies a petition on procedural grounds, a COA should issue if: (1) jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional rights; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack,

supra.

Here, jurists of reason would not find it debatable that this court was correct in its procedural ruling that the petition is untimely.  Consequently, no certificate of appealability will issue.

**V.      Conclusion.**

Based on the foregoing discussion, the Court will deny the petition as untimely.  Petitioner is advised that he has the right for thirty (30) days to appeal this Court's Order dismissing his Petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that this Court's denial of a certificate of appealability does not prevent him from doing so, as long as he seeks a certificate of appealability from the Third Circuit Court of Appeals.  See Fed. R. App. P. 22(b).  An appropriate Order follows.


Dated: December 19, 2007                    /s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD W. MARVIN,** : | |
| : | |
| Petitioner, : | |
| : | **CIVIL NO. 3:CV-05-1073** |
| v. : | |
| : | **(JUDGE CAPUTO)** |
| **WARDEN FREDERICK MENIFEE, et al.,** : | |
| : | |
| Respondents. : | |
| : | |

# O R D E R

**NOW**, **this 19th day of DECEMBER**, **2007**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition under 28 U.S.C. § 2254 is **DENIED**.

2. A certificate of appealability is **DENIED**.

3. The Clerk of Court shall mark this matter **CLOSED.**


   /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge