IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD W. MARVIN, | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-05-1073 |
| v. | : |
| | : (JUDGE CAPUTO) |
| WARDEN FREDERICK MENIFEE, et al., | : |
| Respondents. | : |

## O R D E R

Petitioner, Donald W. Marvin, filed a pro se petition for writ of habeas corpus pursuant to the provision of 28 U.S.C. § 2254 on May 26, 2005. After review of the Petition, Respondents' Answer, and Petitioner's Traverse, this Court dismissed Marvin's habeas petition as untimely filed on December 19, 2007. (Dkt. Entry 34.)

On January 2, 2008, Marvin filed a Motion for Reconsideration. (Dkt. Entry 35.) In his motion, Marvin does not challenge the Court's calculation of the limitations period. (Id. at ¶ 2.) Rather, he argues that his discovery of new exculpatory evidence should toll the limitations period as he diligently presented it to both the state court and then this Court. (Id. at ¶ 6.) Critical to the Court's consideration of Marvin's

motion for reconsideration is his statement that his presentation of his newly discovered evidence "was timely filed with the trial court." (Id. at ¶ 4.) This assertion is unsupported by the record and equally fatal to Marvin's argument that he was "diligent" in pursuing his federal habeas action. (See Dkt. Entry 34, Order, pp. 2-4; see also Dkt. Entry 13-3, Commonwealth v. Marvin, No. 1934 EDA 2003 (Pa. Super. July 30, 2004)). All of Marvin's PCRA petitions were denied as untimely by the state court. As such, they did not, and could not, toll the limitations period. See 28 U.S.C. § 2244(d)(2). The state court's determination that Marvin had not timely presented his claims of newly discovered evidence prohibits this Court from entertaining the issue. "If a state court determines that a petition is untimely, that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006)(internal quotations omitted). Furthermore, Marvin filed his federal habeas petition more than 269 days after the Pennsylvania Superior Court affirmed the PCRA court's dismissal of his second PCRA petition as untimely. This extended lapse of time, given the fact that his habeas limitations period had already expired on November 10, 1998, absent a valid basis in tolling, does not demonstrate a level of "diligence" meriting a basis of tolling the limitations period.

The purpose of a motion to alter or amend a judgment or order is to correct manifest errors of law or fact, or to present newly discovered evidence. <u>Harsco Corp. V. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).  Marvin has not demonstrated any manifest errors of law or fact, or presented any newly discovered evidence from that already considered by the Court in making our initial ruling.  Marvin's petition was filed well beyond the expiration of the limitations period.  Marvin has not presented any appropriate statutory or equitable grounds for tolling the limitations period or otherwise excusing his failure to comply with the applicable statute of limitations.

**ACCORDINGLY, THIS 14th DAY OF JANUARY, 2008, IT IS HEREBY ORDERED THAT** the Marvin's Motion for Reconsideration (Dkt. Entry 35) is **DENIED.**

<u>/s/ A. RICHARD CAPUTO</u>
A. RICHARD CAPUTO
United States District Judge